# EXHIBIT A

**NYSCEF**
Erie County Supreme Court

**Document List**
**Index #  813926/2015**

Created on:01/04/2016 12:21 PM

Case Caption:   **JEFFREY PADOVANO et al - v. - FEDEX GROUND PACKAGE SYSTEM, INC.**
Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 12/07/2015 | Alba, S. |
| 2 | CONSENT TO EFILING | Processed | 12/07/2015 | Alba, S. |

FILED: ERIE COUNTY CLERK 12/07/2015 01:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 813926/2015
RECEIVED NYSCEF: 12/07/2015

STATE OF NEW YORK
SUPREME COURT: ERIE COUNTY

---

JEFFREY PADOVANO, THOMAS WERNDLE, CHRIS ARBER, MICHAEL TUTTLE, and ANDREW MITRANO, on behalf of themselves and others similarly situated,

                          Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.,

                          Defendant.

**SUMMONS**

**JURY TRIAL DEMANDED**

VENUE is designated in **Erie County**, the County in which the Plaintiff resides and in which the Defendant does business.

Index No.:

---

**TO THE ABOVE NAMED DEFENDANTS:**

You are hereby summoned and required to serve upon PLAINTIFF'S attorneys the answer to the complaint in this action within twenty (20) days of service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

This action is brought in the County of Erie because of Plaintiff's place of residence as well as the County in which Defendant does business.

Date: December 7, 2015

Respectfully,

_/s/ Samuel Alba_
Samuel Alba, Esq.
Robert Friedman, Esq.
FRIEDMAN & RANZENHOFER, P.C.
74 Main Street
PO Box 31
Akron, NY 14001
(716)-542-5444

Harold L. Lichten*
Shannon Liss-Riordan*
Matthew Thomson*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Peter Winebrake*
R. Andrew Santillo*
Mark J. Gottesfeld*
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Robert E. DeRose*
Barkan Meizlish, LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
(614) 744-2307

Plaintiffs' Counsel
*Pro Hac Vice Admission anticipated

STATE OF NEW YORK
SUPREME COURT: ERIE COUNTY

| | |
|---|---|
| JEFFREY PADOVANO, THOMAS WERNDLE, CHRIS ARBER, MICHAEL TUTTLE, and ANDREW MITRANO, on behalf of themselves and others similarly situated,<br><br>         Plaintiffs,<br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br>         Defendant. | CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Index No.: |

## NATURE OF CASE

Plaintiffs JEFFREY PADOVANO, THOMAS WERNDLE, CHRIS ARBER, MICHAEL TUTTLE, and ANDREW MITRANO ("Plaintiffs"), by their attorneys, on behalf of themselves and all others similarly situated, bring this class action Complaint against Defendant FedEx Ground Package System, Inc. ("Defendant") to recover damages under the New York Labor Law ("NYLL"), N.Y. LAB. LAW §§ 160, *et seq.*, and the doctrine of unjust enrichment.

## JURISDICTION AND VENUE

1. Jurisdiction and venue are proper and based upon the residence of the Plaintiffs described herein.

2. The amount in controversy exceeds the jurisdiction of all lower courts and therefore, this Court has jurisdiction over the causes of action alleged herein.

## PARTIES

3. Plaintiff JEFFREY PADOVANO is an individual residing in the Town of Tonawanda, County of Erie, and State of New York.

3

4. Plaintiff THOMAS WERNDLE is an individual residing in the City of Rochester, County of Monroe, and State of New York.

5. Plaintiff CHRIS ARBER is an individual residing in the Town of Avon, County of Livingston, and State of New York.

6. Plaintiff MICHAEL TUTTLE is an individual residing in the City of Rochester, County of Monroe, and State of New York.

7. Plaintiff ANDREW MITRANO is an individual residing in Town of Henrietta, County of Monroe, and State of New York.

8. The above-named Plaintiffs bring this case on behalf of themselves and other individuals who, during any time after September 11, 2009, performed package pick-up and delivery services full-time in the State of New York pursuant to an Operating Agreement to which FedEx Ground Package System, Inc. or any related entity was a party.

9. Each Plaintiff and class member was a signatory to an operating agreement between himself and FedEx Ground Package Systems, Inc. d/b/a FedEx Ground or FedEx Home Delivery, and each worked as a FedEx driver delivering FedEx Ground or Home Delivery packages during the relevant statute of limitations applicable to Counts I and II below. The Plaintiffs have all driven for Defendant delivering FedEx packages, and operated out of Defendant's terminals in New York. Each possessed a state-issued driver's license, and drove and delivered packages full-time for FedEx Ground during the relevant time period.

10. Defendant is a corporate entity headquartered in Coraopolis, Pennsylvania that does business all over the United States, including in Erie County.

## FACTS

11. Defendant operates a nationwide package delivery business through which it compensates thousands of licensed drivers to transport and delivery packages in New York and around the country. During the past six years and specifically after October 15, 2007, hundreds of individuals have performed package delivery and pick-up services in the State of New York pursuant to standardized Operating Agreements to which Defendant is a party.

12. The Plaintiffs, along with other similarly situated individuals they seek to represent, were signatories to a lengthy form contract with the Defendant that is called an "Operating Agreement" and that mischaracterizes each New York Driver as an independent contractor.

13. In fact, notwithstanding that each driver signed an "operating agreement", the relationship between the Plaintiffs (and the similarly situated class they represent) and the Defendant is one of employer and employee in all material respects.

14. As various courts have recently observed, drivers who perform delivery and pick-up services pursuant to Defendant's standard Operating Agreements are employees of Defendant for purposes of state wage and hour laws. *See, e.g., In re. FedEx Ground Package System, Inc. Employment Practices Litig.*, 729 F.3d 818 (7th Cir. 2015) (drivers are FedEx employees under Kansas wage laws); *Slayman v. FedEx Ground Packaging System, Inc.*, 765 F.3d 1033 (9th Cir. 2014) (same under Oregon wage laws); *Alexander v. FedEx Ground Packaging System, Inc.*, 765 F.3d 981 (9th Cir. 2014) (same under California wage laws).

15. Moreover, even if N.Y. LAB. LAW § 862-b were inapposite in this case because the vehicles of some class members had GVWR less than 10,001 pounds or some Plaintiffs' Operation Agreements pre-date N N.Y. LAB. LAW § 862-b, the Plaintiffs were still directed and

controlled by the Defendants, not only as to the result to be accomplished by the work, but also as to the manner and means by which that result was accomplished. Thus, even under the old and more lenient common law test, Defendant still misclassified Plaintiffs as independent contractors. *See, e.g.* Bynog v Cipriani Group, Inc., 1 NY.3d 193, 198 (2003); Suvil, 2014 U.S. Dist. LEXIS 141095 at *28-29, citing Murphy v. ERA United Realty, 674 N.Y.S.2d 415 (N.Y. App. Div. 1998) and E. Coast Indus., Inc. v. Becconsall, 301 N.Y.S.2d 778, 779-80 (N.Y. Dist. Ct. 1969).

16. Plaintiffs and other New York Drivers are not free from Defendant's control and direction in performing their work. Such control includes, but is not limited to:

   a. Each driver was supervised and managed by a terminal manager or assistant terminal manager.

   b. Each driver was required to comply with detailed instructions regarding both written and unwritten policies, procedures, and directives promulgated by Defendant.

   c. Each driver received training by the Defendant in order to comply with all of the defendant's policies and procedures.

   d. Although the New York Drivers were required to purchase or lease the vehicles they used in working for the defendant and to purchase the uniforms they wear in the performance of their work, the defendant required that the drivers use specific FedEx signage and logos on their trucks and on their uniforms and this prevented the New York Drivers from using their vehicles and uniforms to offer services to the general public.

  e. FedEx set the price which it charges its customers for the pick-up and delivery of packages performed by the New York Drivers and the New York Drivers have no control over the amount that they are paid for such packages.

  f. Defendant determined the number of assigned packages that the New York Drivers would deliver on Defendant's behalf.

  g. The Defendant exerted a high degree of control over the drivers' work including monitoring their work and raising performance issues with them.

  h. Plaintiffs were required to coordinate vacations and days off with station managers or assistant managers.

  i. Plaintiffs were required to attend meetings with their respective station manager or assistant managers.

17.  The work that the New York Drivers perform falls within the usual course of Defendant's delivery package business and constitutes the central purpose for which FedEx Ground exists – namely the pick-up and delivery of packages. For example, if Plaintiffs or New York Drivers were unable to deliver their assigned packages on a particular day, Defendant would assign its employee or employees to perform the work.

18.  Plaintiffs do not have an independently established trade or business separate and distinct from that of the defendant FedEx Ground and the plaintiffs are wholly dependent upon FedEx Ground for all of their business.

19.  Plaintiffs and other New York Drivers generally are paid on a job-rate basis whereby they receive for each delivery a fixed amount of money paid by Defendant.

20.  The payments earned by Plaintiffs and other New York Drivers are reduced to account for various deductions, charges, and/or expenses that do not benefit Plaintiffs or other

New York Drivers. For example, Plaintiffs, like other New York Drivers, were subjected to deductions, charges, and/or expenses to cover, *inter alia*, use of a FedEx scanner, the cost of FedEx uniforms, liability and workers' compensation insurance, various performance-based penalties, and lease payments.

21. Plaintiffs all drove delivery trucks with gross vehicle weight ratings ("GVWR") over 10,001 pounds, however, the proposed class also includes those drivers who drove delivery trucks with GVWR under 10,001 pounds.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs bring this lawsuit as a class action, pursuant to Article 9 of the New York State Civil Practice Law and Rules, on behalf of themselves and other individuals who, during any time after September 11, 2009, performed package pick-up and delivery services in the State of New York pursuant to an Operating Agreement to which FedEx Ground Package System, Inc. or any related entity was a party.

23. Class action treatment is appropriate because, as summarized in paragraphs 24-29 below, all of the requirements of Article 9 of the CPLR are satisfied. (Indeed, in an action styled *Larry Louzau, et al. v. FedEx Ground Package System, Inc.*, 3:05-cv-00538-RLM-CAN (N.D. Ind.), the district court certified a class of New York FedEx delivery drivers for the time period from October 27, 1998, through October 15, 2007.)

24. The class is so numerous that joinder of all class members is impracticable.

25. Plaintiffs are class members, and their claims are typical of the claims of other class members, and they have no interests that are antagonistic to or in conflict with the interests of other class members.

26. Plaintiffs will fairly and adequately represent the class members and their interests, and they have retained competent and experienced counsel who will effectively represent the class members' interests.

27. Questions of law and fact are common to all class members.

28. Common questions of law and fact predominate over questions affecting only individual class members.

29. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

### COUNT I – New York Labor Law

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Plaintiffs and the class members have been employed by Defendant and, as such, are entitled to the NYLL's protections. *See* N.Y. LAB. LAW § 862-b.

32. Defendant violated the NYLL by subjecting Plaintiffs and other class members to improper deductions, charges, and/or expenses that were not incurred for the benefit of Plaintiffs and other class members. *See* N.Y. LAB. LAW § 193.

### COUNT II – Common Law Misclassification

33. All previous paragraphs are incorporated as though fully set forth herein.

34. Plaintiffs and the class members have been employed under the exclusive direction and control of Defendant not only as to the result to be accomplished by the work, but also as to the manner and means by which that result was accomplished, and, as such, are entitled to the rights and benefits of an employee, rather than an independent contractor.

35. Defendant violated the New York State common law test by subjecting Plaintiffs and other class members to misclassification for the last six years both before and after the enactment of N.Y. LAB. LAW § 862-b.

### Count IV - Unjust Enrichment

36. All previous paragraphs are incorporated as though fully set forth herein.

37. Defendant has been financially enriched by subjecting Plaintiffs and other class members to deductions, charges, and/or expenses that typically are borne by employers (including many of FedEx's business competitors).

38. The financial enrichment enjoyed by Defendant has come at the expense of Plaintiffs and other class members, all of whom have borne the improper deductions, charges, and/or expenses.

39. It is against equity and good conscience to permit Defendant to retain such improper deductions, charges, and/or expenses.

40. Defendant should be required to reimburse Plaintiffs and other class members for such improper deductions, charges, and/or expenses under the doctrine of unjust enrichment.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief on behalf of himself and other class members:

A. Declaratory and/or injunctive relief as deemed appropriate by the Court;

B. Reimbursement of all charges, deductions, and expenses;

C. Liquidated damages and prejudgment interest;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial.

Date: December 7, 2015

Respectfully,

_____
Samuel Alba, Esq.
Robert Friedman, Esq.
FRIEDMAN & RANZENHOFER, P.C.
74 Main Street
PO Box 31
Akron, NY 14001
(716)-542-5444


Harold L. Lichten*
Shannon Liss-Riordan*
Matthew Thomson*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Peter Winebrake*
R. Andrew Santillo*
Mark J. Gottesfeld*
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Robert E. DeRose*
Barkan Meizlish, LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
(614) 744-2307

Plaintiffs' Counsel
*Pro Hac Vice Admission anticipated

11

FILED: ERIE COUNTY CLERK 12/07/2015 01:03 PM        INDEX NO. 813926/2015
NYSCEF DOC. NO. 2                                   RECEIVED NYSCEF: 12/07/2015

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ERIE
-----------------------------------------------------------------x
JEFFREY PADOVANO, THOMAS WERNDLE, CHRIS AR

                Plaintiff/Petitioner,

   - against -                                 Index No. _____

FEDEX GROUND PACKAGE SYSTEM, INC.,

                Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF COMMENCEMENT OF ACTION**
**SUBJECT TO MANDATORY ELECTRONIC FILING**

    PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

    NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

    Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

    The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

    **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

    **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: December 7, 2015

_____
Signature

Samuel Alba, Esq,
Name

Friedman & Ranzenhofer, P.C.
Firm Name

74 Main Street
Address

Akron, New York 14001

(716) 631-9999
Phone

Sam@legalsurvival.com
E-Mail

To:   FEDEX GROUND PACKAGE SYSTEI

9/3/15

FILED: ERIE COUNTY CLERK 12/07/2015 01:03 PM                    INDEX NO. 813926/2015
NYSCEF DOC. NO. 2                                                RECEIVED NYSCEF: 12/07/2015

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ERIE
-----------------------------------------------------------------x
JEFFREY PADOVANO, THOMAS WERNDLE, CHRIS AR

                Plaintiff/Petitioner,

   - against -                                    Index No. _____

FEDEX GROUND PACKAGE SYSTEM, INC.,

                Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

    PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

    NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

    Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

    The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

    **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

    **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: December 7, 2015

_____
Signature

Samuel Alba, Esq,
Name

Friedman & Ranzenhofer, P.C.
Firm Name

74 Main Street
Address

Akron, New York 14001

(716) 631-9999
Phone

Sam@legalsurvival.com
E-Mail

To: FEDEX GROUND PACKAGE SYSTE[M]

9/3/15

Index #     Page 2 of 2     EFM-1