UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY PADOVANO, THOMAS WERNDLE, CHRIS ARBER, MICHAEL TUTTLE and ANDREW MITRANO, on behalf of themselves and others similarly situated,<br><br>          Plaintiffs,<br><br>- vs -<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>          Defendant. | **REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Civil Action No.<br>1:16-cv-00017 (FPG)<br>_____ |

**FEDEX GROUND'S REPLY IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**Introduction**

Plaintiffs did not take the opportunity afforded by Fed. R. Civ. P. 15(a)(1)(B) to file an amended complaint. Given how long each of the Plaintiffs worked with FedEx Ground (whether as business owners or employees), they should be able to plead facts particular to their situations if they believe they were really FedEx Ground employees. Instead, Plaintiffs have filed a memorandum asserting that FedEx Ground asks this Court to "prematurely weigh the evidence and determine Plaintiffs' employment status at the pleading stage," draw inferences, and engage in fact-finding. Response at 7 and 12. FedEx Ground is not asking the Court to do any of this and most emphatically is not asking the Court to determine the classification issue now. FedEx Ground asks only that Plaintiffs be held to their obligation to plead facts stating a plausible claim that they were FedEx Ground's employees. They should be required to do so in an amended complaint -- if they can.

**Argument**

I.   **Plaintiffs should re-plead in an amended complaint.**

   A.  **FedEx Ground's motion is not yet a dispositive motion.**

FedEx Ground has not, at this point, moved to dismiss Plaintiffs' complaint with prejudice. FedEx Ground does not contend that Plaintiffs could never plausibly state a claim on any set of facts -- as might be true, for example, where expiration of a limitations period was evident on the face of the complaint. The problem is that Plaintiffs haven't yet shown that they *can* plausibly do so. They may not be able to do so, and should be required to re-plead if they think they can.

Plaintiffs could have tried to do so by filing an amended complaint under Fed. R. Civ. P. 15(a)(1)(B). Instead, they have responded by mischaracterizing what FedEx Ground seeks. Plaintiffs assert that FedEx Ground "request[s] that the Court prematurely weigh the evidence and determine Plaintiffs' employment status at the pleading stage" and that FedEx Ground suggests that the Court draw inferences in its favor and engage in fact-finding. Response at 7 and 12. This is a "straw man" argument. They have created a false argument so they can then knock it down by citing a number of cases for the proposition that employee status cannot be resolved on a motion to dismiss. Response at 6-7.

Apart from just reiterating the insufficient allegations in their Complaint (see Response at 8-9 and 11), Plaintiffs offer only two examples for their assertion. Plaintiffs alleged in their complaint that they were "supervised and managed by a terminal manager or assistant terminal manager" and they were "required to comply with detailed instructions." *Complaint* at ¶ 16.a. FedEx Ground has pointed out that under the common law test this is not enough because the allegations do not show in any way that such supervision or management or instructions related

to means rather than results. *See* Memorandum in Support at 7 (first two bullet points). Plaintiffs have twisted this into FedEx Ground asking the Court to infer that the supervision and instructions could not have related to means. Response at 12. That's not so. FedEx Ground's point is that Plaintiffs' allegations don't allow a reasonable inference *either way* because there are no factual allegations about what supervision occurred or what instructions were given. Plaintiffs must provide more information to push their assertions from the possible to the plausible.

Plaintiffs' only other example is similarly flawed. Citing paragraph 16.d of their Complaint, Plaintiffs say they alleged that they had to drive full-time and had to have logos on their truck, so they couldn't work for anyone else; and they then claim that FedEx Ground, by noting that Plaintiffs could cover the logos, is asking the Court to weigh evidence and prefer FedEx Ground's characterization. Response at 12. Not at all. There are no competing assertions to weigh. Plaintiffs had to have logos, but they have not alleged any facts suggesting that FedEx Ground prohibited them from covering the logos so they could use the trucks for other purposes. Without such an allegation, it's not enough for Plaintiffs to allege the logo requirement and assert that it precluded them from working for others when the Operating Agreements (OAs) make clear they could cover the logos. FedEx Ground's point remains the same – inadequate pleading – and requires no weighing of competing facts.

FedEx Ground made similar points for the rest of the allegations at paragraph 16 of the Complaint. Plaintiffs in their Response address none of those points. Instead, Plaintiffs have mischaracterized the purpose of the motion, cited inapposite summary judgment cases, and re-stated their allegations. They also have cited a handful of misclassification cases in which they claim motions to dismiss were denied. Response at 9-10. Given the fact-specific nature of the

misclassification inquiry, what plaintiffs in other cases have pleaded doesn't necessarily help very much in determining whether *these* Plaintiffs have pleaded enough facts. But to the extent they do assist with the inquiry, they actually support FedEx Ground's motion.

- *Jimenez v. KLB Foods* was strictly a minimum wage and unpaid overtime claim under the Fair Labor Standards Act (FLSA), which applies a different misclassification test (economic realities); and more specific facts were alleged than have been alleged here. For example, the plaintiffs alleged specific times they were required to work seven days a week, additional jobs they were required to perform at the restaurant when not making deliveries that showed they were "not merely in business for themselves as delivery persons," and that those non-delivery jobs took more than 20% of their working time. *Jimenez v. KLB Foods*, 2014 U.S. Dist. LEXIS 82509 (S.D.N.Y. June 17, 2014) at *5-6. Plaintiffs here haven't even alleged (and cannot allege) that FedEx Ground actually required *them*, personally, to do *any* work for FedEx Ground – pick-ups and deliveries or otherwise -- rather than hiring someone else to make the pick-ups and deliveries for their company.

- *Fernandez v. Kinray, Inc.* was a grant of a motion for leave to amend the complaint and denial of a motion for judgment on the pleadings. It was not a denial of a motion to dismiss an initial complaint for inadequate pleading. The court found that the "[p]laintiffs' proposed amended complaint differs from their original pleading by adding specific allegations about the duties plaintiffs performed on behalf of the defendant corporations." *Fernandez v. Kinray, Inc.*, 2014 U.S. Dist. LEXIS 178422 at *11 (E.D.N.Y. Dec. 30, 2014). For example, plaintiffs alleged that they were disciplined *if they were late arriving* for their shifts or *if they departed from* their prescribed routes. *Id.* at *15-16. The italicized details are what push the allegations from possible to plausible allegations relating to control of means and they are the type of detail completely absent from Plaintiffs' allegations here.

- *Arena v. Delux Transp. Serv., Inc.* was a denial as premature of a converted motion for summary judgment where both sides submitted numerous materials outside the pleadings, including declarations and affidavits, in an effort to have the court resolve the misclassification issue before discovery was completed. *Arena v. Delux Transp. Serv., Inc.*, 2013 U.S. Dist. LEXIS 23964 at *3-4, 7-8 and n. 3 (E.D.N.Y. Feb. 15, 2013). Again, that is not what FedEx Ground seeks here.

- *Hart v. Rick's Cabaret Int'l Inc.*, like *Fernandez*, involved a plaintiff seeking leave to file an amended complaint and defendant opposing. In *Hart*, it was a *third* amended complaint that the court deemed sufficient. So *Hart* actually is an example of a case where a motion to dismiss was granted, the plaintiffs amended, and the court said okay, now plaintiffs have alleged enough. *Hart v. Rick's*

*Cabaret Int'l Inc.*, 2010 U.S. Dist. LEXIS 137129 at *3-5 (S.D.N.Y. Dec. 17, 2010).

Plaintiffs also cite three cases outside New York that involve FLSA, ERISA or state law claims with classification tests that differ from the New York tests at issue here. The facts of each of those cases also are meaningfully different from the business relationship created by the OAs in this case. The opinion in *Lee v. Dish Network*, 2013 U.S. Dist. LEXIS 162675 (S.D. Tex. Nov. 15, 2013) is too abbreviated to allow any assessment of the detail pleaded compared with this case. The opinion in *Brown v. Club Assist Road Serv. U.S., Inc.*, 2013 U.S. Dist. LEXIS 133990 (N.D. Ill. Sept. 19, 2013) describes more detailed allegations than are found here and even refers to "a multitude of allegations pertaining to Defendant's alleged control;" and on some of the counts the defendant was seeking dismissal with prejudice. *Id*. at *11, 21. Like *Brown*, the opinion in *Adami v. Cardo Windows, Inc.* reveals far more specific factual pleading than here. *Adami v. Cardo Windows, Inc.*, 2013 U.S. Dist. LEXIS 102447 at *3-6 (D.N.J. July 23, 2013).

In short, Plaintiffs spend the first half of their brief mischaracterizing the point of FedEx Ground's motion and discussing a smattering of cases that do not assist this Court's inquiry into whether Plaintiffs in *this* case have pleaded enough facts or that do assist by actually highlighting how Plaintiffs haven't pleaded sufficient facts and should be required to re-plead.

B. **Plaintiffs further confuse things by referring to MDL decisions, ignoring threshold requirements of the Fair Play Act, and trying to steer clear of the joint employment issue.**

Plaintiffs engage in further misdirection by repeatedly referring to decisions in the MDL proceeding; ignoring that the Fair Play Act ("FPA") requires them to prove that FedEx Ground operates commercial motor vehicles and pays them to drive such trucks; and sidestepping the

joint employment inquiry by giving short-shrift to the OAs they signed. *See* Response at nn. 2-3 and pp. 11 and 14-16.

### 1. The MDL decisions highlight the need for careful pleading.

Plaintiffs want to create the false impression that FedEx Ground has already lost on the classification issue and is just wasting Plaintiffs' time and this Court's by calling for a certain rigor in the pleadings. The MDL decisions are varied and that variability points to the fact-intensive nature of these cases, making careful pleading all the more important. The MDL decisions involve different legal tests in different jurisdictions. And although FedEx Ground has indeed lost some misclassification cases, it also has won some, including the only one to date that involved the New York Labor Laws at issue here, *Louzau, et al. v. FedEx Ground Package System, Inc.*, 3:05-cv-00538. Indeed, FedEx Ground won summary judgment from the MDL court outright in that case and 18 others, rulings that have been appealed but never yet reversed. And Plaintiffs themselves point out that two cases on appeal were remanded for trials because the factual issues needed to be resolved by a jury. These differing outcomes highlight the importance of Plaintiffs adequately pleading facts in *this* case and preclude their attempt to use selected MDL decisions as some sort of pass to avoid proper pleading here.

### 2. Plaintiffs' companies are relevant to their Fair Play Act claims.

The MDL cases also are not the silver bullet Plaintiffs would like them to be because the business model at issue here, as reflected in the OAs, has changed from the one at issue in those earlier cases. The incorporation requirement in particular creates a meaningful difference, especially under the FPA. Plaintiffs cite a number of cases for the general proposition that an individual does not become a contractor simply by incorporating. Response at 14-16. This is another straw argument. FedEx Ground has not in its Motion to Dismiss argued that the

incorporation requirement resolves the classification issue.  It has argued that the existence of incorporated entities and the specific terms of the OAs the Plaintiffs executed impact what Plaintiffs must plead under the FPA and whether the inquiry is more correctly one of joint employment rather than misclassification.  None of the cases that Plaintiffs cite involve the unique language of the FPA and each involves particular contract terms and context that differ from Plaintiffs' relationships with FedEx Ground since 2010.

The incorporation requirement under the OAs involves more than changing the contractor's name from John Smith to John Smith, Inc.  Of critical importance, none of the Plaintiffs had any obligation to perform any services of any kind for FedEx Ground.  They didn't have to pick up or deliver a single package themselves.  It was up to their corporations to decide who to hire to provide those services and how to pay those drivers.  It is therefore incumbent, given the FPA, for Plaintiffs to plead facts plausibly showing how they were personally required by FedEx Ground to provide services and thus how they, personally, were paid by FedEx Ground for doing so.  And it is similarly incumbent on them, under the FPA, to plead facts showing how FedEx Ground operated a commercial motor vehicle when, by the terms of the OA, it is the incorporated companies that lease and operate the vehicles using drivers that the incorporated companies select and pay.  Indeed, Plaintiffs have not even alleged how they personally were damaged when deductions were made from and expenses charged to their companies.

Plaintiffs ignore all of this, making only conclusory assertions in the last paragraph of their footnote 5.  It's not enough that they have pleaded that they perform commercial goods transportation services for a commercial goods transportation contractor, etcetera.  That is just pleading the necessary elements under the FPA when what Plaintiffs must do is plead facts that

make those assertions plausible. Plaintiffs mention their allegations about uniforms, prices paid for deliveries, and such, noting that "[t]hese facts make it highly unlikely that Defendant will carry its burden under the 'ABC' test . . . ." Response at 11. FedEx Ground acknowledged in its opening memorandum that "Plaintiffs plead some facts pertinent to the ABC and separate business entity tests" under the FPA. Memorandum in Support at 10. FedEx Ground's point is that Plaintiffs haven't pleaded facts necessary to even get to those tests. *Id*. The FPA has threshold requirements and Plaintiffs haven't pleaded any facts showing they plausibly get over that threshold.

A case more akin to the situation here, than any cited by Plaintiffs, arose in Illinois under a statute with an objective similar to the FPA. The Illinois Employee Classification Act was enacted "with the express purpose of addressing 'the practice of misclassifying employees as independent contractors . . . .'" *Michael v. Pella Products, Inc.*, 14 N.E.3d 533, 536 (Ill. App. Ct. 2014). Michael was the co-owner of RJM, a company that contracted with Pella to install windows. He argued that under the Act's test, he was Pella's employee. The Appellate Court of Illinois held that before it could get to that test, it had to determine whether Michael was even covered by the Act as an 'individual' performing services for Pella. *Id*. at 537. It concluded that he was not because, among other things, "[t]he agreements to perform services for Pella were entered into with RJM as the 'subcontractor.' Michael signed the agreement, but only as 'owner' of RJM." *Id*. RJM provided the labor by selecting from its own workforce and supplied its employees with the equipment they needed. Pella paid RJM directly, had no input into the rate of pay for RJM's employees, and all wages earned by those employees were paid from RJM's corporate account. It was "clear that RJM, and not Michael as an individual, performed services

for Pella under the subcontract agreement." *Id*. All of that is akin to the arrangement here under the OAs that Plaintiffs executed on behalf of their companies.

## II.   The joint employment and unjust enrichment issues are intertwined.

Plaintiffs assert that FedEx Ground has said they must plead that they are jointly employed. Response at 15-16. That's not quite right. FedEx Ground has pointed out that, given the terms of the OAs that Plaintiffs signed, their case turns on joint employment, not misclassification. FedEx Ground believes that if this case proceeds, it will become evident that the legal issue is joint employment, not misclassification. Plaintiffs understandably don't want to plead joint employment because, given the OAs they signed, their deductions and expenses claims would turn on decisions they made themselves in running their companies.

Plaintiffs cannot preempt this by string-citing cases where individuals who incorporated were deemed employees. None of the cases they cite addressed whether the plaintiffs were also employees of the incorporated companies. It may be that if the extent of incorporation truly is limited to a name change, the joint employment inquiry may not get very involved. But it already is evident just from the OAs that incorporation here is and was much more consequential in shaping the business relationship.

The OAs and the joint employment issue also preclude Plaintiffs' unjust enrichment claim. Plaintiffs believe that if they are deemed to be FedEx Ground's employees *and the OAs are not applicable to their relationship with FedEx Ground*, they can seek to recover the deductions and expenses they complain about through an unjust enrichment claim. Response at 17. But there is no instance in which the OAs would not be applicable. If Plaintiffs are deemed to be misclassified, that will mean their companies are being disregarded as parties to the OA and that Plaintiffs as individuals are the parties to the OAs. The propriety of how deductions and

9

expenses were handled would be a function of the OAs and New York labor laws, not any theory of unjust enrichment.  If Plaintiffs are deemed joint employees of FedEx Ground and their companies, the OA remains applicable because it governs the payments FedEx Ground made to those companies, which then should have paid their employees consistent with New York law.  The propriety of deductions and expenses remains strictly a matter between the companies and FedEx Ground per the terms of the OAs and has nothing to do with Plaintiffs' status as employees.  Either way, there is no unjust enrichment claim.

## Conclusion

For these reasons, FedEx Ground respectfully requests that the Court dismiss Plaintiffs' Amended Complaint for failure to state a claim.

DATED:	Moon Township, Pennsylvania
	February 25, 2016		FEDEX GROUND PACKAGE SYSTEM, INC.

					By:     /s/ Joseph P. McHugh
						Joseph P. McHugh
					FedEx Ground Package System, Inc.
					1000 FedEx Drive
					Moon Township, Pennsylvania 15108
					(412) 859-5917
					E-mail: joseph.mchugh@fedex.com

					Susan C. Roney
					Nixon Peabody LLP
					Key Towers at Fountain Plaza
					40 Fountain Plaza, Suite 500
					Buffalo, New York 14202
					(716) 853-8100
					E-mail: sroney@nixonpeabody.com

					*Attorneys for Defendant FedEx Ground Package System, Inc.*