UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY PADOVANO, THOMAS WERNDLE,
CHRIS ARBER, MICHAEL TUTTLE and ANDREW
MITRANO, on behalf of themselves and others similarly
situated,

Plaintiffs,

- vs -

FEDEX GROUND PACKAGE SYSTEM, INC.,

Defendant.

**FEDEX GROUND'S
ANSWER TO CLASS
ACTION COMPLAINT**

Case # 16-CV-17-FPG -HKS

Defendant FedEx Ground Package System, Inc. ("FedEx Ground"), by its attorneys,

answers Plaintiffs' Class Action Complaint ("Complaint") as follows:

## NATURE OF CASE

FedEx Ground denies the allegations contained in the "Nature of Case" Paragraph of the

Complaint. While FedEx Ground admits that the Complaint filed by Plaintiffs on behalf of

themselves and on behalf of putative class members purports to bring claims as described

in the Complaint, FedEx Ground specifically denies the inference that it violated the

New York State Labor Law §§ 160, *et seq.*, and the claim that FedEx Ground has been unjustly

enriched.

## JURISDICTION AND VENUE

1.      FedEx Ground admits venue is proper but is without knowledge or information

sufficient to form a belief as to the truth regarding the residence of the Plaintiffs and therefore

denies that allegation.

2.      FedEx Ground admits that this Court has jurisdiction.  However, Plaintiffs'
specific allegations at Paragraph 2 are no longer pertinent to this removed action and FedEx
Ground therefore denies them.

## PARTIES

3.      FedEx Ground is without knowledge or information sufficient to form a belief as
to the truth of the allegations at Paragraph 3 and therefore denies them.

4.      FedEx Ground is without knowledge or information sufficient to form a belief as
to the truth of the allegations at Paragraph 4 and therefore denies them.

5.      FedEx Ground is without knowledge or information sufficient to form a belief as
to the truth of the allegations at Paragraph 5 and therefore denies them.

6.      FedEx Ground is without knowledge or information sufficient to form a belief as
to the truth of the allegations at Paragraph 6 and therefore denies them.

7.      FedEx Ground is without knowledge or information sufficient to form a belief as
to the truth of the allegations at Paragraph 7 and therefore denies them.

8.      Paragraph 8 contains a description of the class of individuals on whose behalf
Plaintiffs purport to bring this case but contains no allegations of fact for which an answer is
required.  To the extent an answer is deemed required, FedEx Ground admits only that Plaintiffs
have described a class of individuals on whose behalf they would like to bring this case.  FedEx
Ground denies that Plaintiffs may maintain this suit on behalf of themselves or on behalf of any
putative class of persons.

9.      Denied as stated.  FedEx Ground admits only that each named Plaintiff signed an
operating agreement ("OA"), either individually (ultimately assigning it to an incorporated
company) or on behalf of an incorporated; each named Plaintiff over varying periods drove a

2

truck and delivered packages from FedEx Ground stations in New York; and each named Plaintiff had a state-issued driver's license. Except as expressly admitted, FedEx Ground denies the allegations in Paragraph 9.

10.     Denied as stated.  FedEx Ground admits only that it is incorporated and does business throughout the United States, including Erie County.  Except as expressly admitted, FedEx Ground denies the allegations in Paragraph 10.  By way of further answer, FedEx Ground is headquartered in Moon Township, Pennsylvania, not Coraopolis.

## FACTS

11.     Denied as stated.  FedEx Ground admits only that it is a licensed motor carrier engaged in providing small-package ground delivery services throughout the United States; and the terms and conditions of FedEx Ground's relationships with contracted service providers are memorialized in contracts, the terms of which speak for themselves.  Except as expressly admitted, FedEx Ground denies the allegations in Paragraph 11.

12.     Denied as stated.  FedEx Ground admits only that each named Plaintiff signed an OA and FedEx Ground further incorporates herein its admission from Paragraph 9, above. Except as expressly admitted, FedEx Ground denies the allegations of Paragraph 12.

13.     FedEx Ground denies the allegations of Paragraph 13.

14.     Paragraph 14 contains Plaintiffs' characterizations of legal opinions but contains no allegations of fact for which an answer is required.  To the extent an answer is deemed required, FedEx Ground admits only that Plaintiffs have cited to legal opinions that speak for themselves and otherwise denies the allegations of paragraph 14.

15.     FedEx Ground denies the allegations of paragraph 15.

3

16.     FedEx Ground admits only that it sets the prices that customers pay for pick-up and delivery services and contracted service providers do not set those prices.  Except as expressly admitted, FedEx Ground denies the allegations of paragraph 16.

17.     FedEx Ground denies the allegations of paragraph 17.

18.     FedEx Ground is without knowledge or information sufficient to form a belief as to whether Plaintiffs provided pick-up and delivery or other services for companies other than FedEx Ground and therefore denies the allegations of Paragraph 18.  By way of further answer, contracted service providers are free to do so per the terms of the OA and if Plaintiffs or their companies did not do so, that is a result of decisions that they made, not any prohibition imposed by FedEx Ground.

19.     FedEx Ground admits only that contracted service providers are paid as specified and agreed in the OA.  Except as expressly admitted, FedEx Ground denies the allegations of Paragraph 19.

20.     FedEx Ground admits only that contracted service providers are paid as specified and agreed in the OA.  Except as expressly admitted, FedEx Ground denies the allegations of Paragraph 20.

21.     FedEx Ground admits the allegation regarding the GVWR of trucks driven by the named Plaintiffs and further admits only that Plaintiff seeks to represent others who may have driven trucks with a lower GVWR.

## CLASS ACTION ALLEGATIONS

22.     Paragraph 22 invokes a section of New York State Civil Practice Law and Rules that no longer is pertinent in this removed action and contains a description of the individuals on whose behalf Plaintiffs purport to bring this case as a class action but contains no allegations of

fact for which an answer is required.  To the extent an answer is deemed required, FedEx Ground admits only that Plaintiffs have described individuals on whose behalf they would like to bring this case as a class action. Except as expressly admitted, FedEx Ground denies the allegations of Paragraph 22 and specifically denies that Plaintiffs may maintain this suit on behalf of themselves or on behalf of any putative class of persons.

23.     Paragraph 23 contains characterizations of law and a characterization of a legal opinion to which no answer is required and contains no allegations of fact for which an answer is required.  To the extent an answer is required, FedEx Ground admits only that the District Court in the case cited certified a class and FedEx Ground further answers that the District Court ultimately granted summary judgment to FedEx Ground.   Except as expressly admitted, FedEx Ground denies the allegations of Paragraph 23.

24.     Paragraph 24 is a conclusion of law to which no answer is required.  To the extent an answer is required, FedEx Ground denies the allegations of Paragraph 24.

25.     Paragraph 25 is a conclusion of law to which no answer is required.  To the extent an answer is required, FedEx Ground denies the allegations of Paragraph 25.

26.     Paragraph 26 is a conclusion of law to which no answer is required.  To the extent an answer is required, FedEx Ground denies the allegations of Paragraph 26.

27.     Paragraph 27 is a conclusion of law to which no answer is required.  To the extent an answer is required, FedEx Ground denies the allegations of Paragraph 27.

28.     Paragraph 28 is a conclusion of law to which no answer is required.  To the extent an answer is required, FedEx Ground denies the allegations of Paragraph 28.

29.     Paragraph 29 is a conclusion of law to which no answer is required.  To the extent an answer is required, FedEx Ground denies the allegations of Paragraph 29.

## COUNT I – NEW YORK LABOR LAW

30.     FedEx Ground incorporates its answers to Paragraphs 1 through 29 for its answer to Paragraph 30.

31.     FedEx Ground denies the allegations of Paragraph 31.

32.     FedEx Ground denies the allegations of Paragraph 32.

## COUNT II – COMMON LAW MISCLASSIFICATION

33.     FedEx Ground incorporates its answers to Paragraphs 1 through 32 for its answer to Paragraph 33.

34.     FedEx Ground denies the allegations of Paragraph 34.

35.     FedEx Ground denies the allegations of Paragraph 35.

## COUNT IV (sic) – UNJUST ENRICHMENT

36.     FedEx Ground incorporates its answers to Paragraphs 1 through 35 for its answer to Paragraph 36.

37.     FedEx Ground denies the allegations of Paragraph 37.

38.     FedEx Ground denies the allegations of Paragraph 38.

39.     FedEx Ground denies the allegations of Paragraph 39.

40.     FedEx Ground denies the allegations of Paragraph 40.

## PRAYER FOR RELIEF

FedEx Ground denies that Plaintiffs are entitled to any of the relief requested, whether on behalf of themselves or other putative class members, and otherwise denies each and every allegation of the Complaint not heretofore specifically admitted or denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3.      Pending further discovery, Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, laches, setoff and recoupment or other equitable defenses.

### FOURTH AFFIRMATIVE DEFENSE

4.      Pending further discovery, Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

5.      Pending further discovery, Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred, in whole or in part, by the doctrines of novation and termination in that their claims are barred, in whole or in part, by the express terms of the agreements between the parties.

7

## SIXTH AFFIRMATIVE DEFENSE

6.      FedEx Ground satisfied and discharged each and every obligation, if any, owed to the Plaintiffs and has acted fairly and in good faith, with a good faith and reasonable belief that it has complied fully with federal and state law, with a bona fide dispute as to the obligation of payment, and/or in conformity with, and in reliance on, written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or state agencies. Furthermore, assuming for the sake of argument that a violation of the applicable law occurred, which FedEx Ground denies, FedEx Ground's conduct was not willful.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because they entered into an express contract with FedEx Ground.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Pending further discovery, Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred, in whole or in part, because Plaintiffs breached any contract that did exist between them and FedEx Ground.

## NINTH AFFIRMATIVE DEFENSE

9.      Pending further discovery, Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred, in whole or in part, because they failed, jointly or severally, to satisfy a condition precedent.

## TENTH AFFIRMATIVE DEFENSE

10.     To the extent that Plaintiffs and each purported member of the putative class defined in the Complaint have mitigated or failed to mitigate their damages, their requests for relief are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint are barred by the merger agreement contained in any and all contracts at issue in this action.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' claims cannot and should not be maintained on a class action basis because those claims fail to meet the necessary requirements for certification and/or certification would violate the parties' constitutional rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Pending further discovery, Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because said claims have been released.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     To the extent Plaintiffs or any purported member of the putative class defined in the Complaint seek liquidated damages, they fail to state facts sufficient to support such claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint may not be litigated in court because some or all of said individuals' claims may be subject to individual mandatory, final, and binding arbitration.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint are preempted, in whole or in part, by federal law and the federal regulation of interstate commerce and the transportation industry, including, but not limited to, preemption under the Federal Aviation Administration Authorization Act of 1994, 49 U.S.C. § 14501(c)(1).

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Assuming for the sake of argument that Plaintiffs and the purported members of the putative class defined in the Complaint are deemed FedEx Ground's employees and are deemed entitled to relief, which FedEx Ground denies, Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint are barred, in whole or in part, on the ground that they voluntarily authorized the charges and/or deductions at issue and/or authorization was not required by state law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Pending further discovery, Plaintiffs' claims and the claims of each purported member of the putative class defined in the Complaint are barred in whole or in part by the statute of frauds.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs and each purported member of the putative class defined in the Complaint lack standing because they were not signatories in their individual capacity to any agreement with FedEx Ground or because they assigned their interest in any agreement with FedEx Ground.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     The unjust enrichment claims of Plaintiffs and of each purported member of the putative class defined in the Complaint are barred for failure to offer to return the consideration received under the agreements to which they allege they were parties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The unjust enrichment claims of Plaintiffs and of each purported member of the putative class defined in the Complaint are subject to offset to account for consideration received under the agreements to which they allege they were parties.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     FedEx Ground will rely on all defenses that become available during discovery or trial.

DATED:      Pittsburgh, Pennsylvania
            December 19, 2016

                              By:    /s/ *Joseph P. McHugh*
                              Joseph P. McHugh, Esq.
                              FEDEX GROUND PACKAGE SYSTEM, INC.
                              1000 FedEx Drive
                              Moon Township, PA 15108
                              Tel: (412) 859-5917
                              Email: joseph.mchugh@fedex.com

                              NIXON PEABODY LLP
                              Susan C. Roney, Esq.
                              Key Towers at Fountain Plaza
                              40 Fountain Plaza, Suite 500
                              Buffalo, New York 14202
                              Tel: (716) 853-8100
                              Email: sroney@nixonpeabody.com

                              *Attorneys for Defendant*
                              *FedEx Ground Package System, Inc.*

11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY PADOVANO, THOMAS WERNDLE,
CHRIS ARBER, MICHAEL TUTTLE and ANDREW
MITRANO, on behalf of themselves and others similarly
situated,

            Plaintiffs,

  - vs -

FEDEX GROUND PACKAGE SYSTEM, INC.,

          Defendant.

**CERTIFICATE
OF SERVICE**

Case # 16-CV-17-FPG-HKS

   I, Joseph P. McHugh, attorney for defendant, hereby certify that on December 19, 2016, I

electronically filed the foregoing Answer with the Clerk of the District Court using the CM/ECF

system, which sent notification of such filing to the following counsel of record:

Samuel Alba, Esq.
Robert Friedman, Esq.
FRIEDMAN & RANZENHOFER, P.C.
74 Main Street
PO Box 31
Akron, NY 14001

Harold L. Lichten
Shannon Liss-Riordan
Matthew Thomson
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

       By: */s/ Joseph P. McHugh*
       *Attorney for Defendant*
       *FedEx Ground Package System, Inc.*
       1000 FedEx Drive
       Moon Township, PA 15108
       Tel: (412) 859-5917
       Email: joseph.mchugh@fedex.com