UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | : | |
|---|---|---|
| JEFFREY PADOVANO, THOMAS WERNDLE, CHRIS ARBER, MICHAEL TUTTLE, and ANDREW MITRANO, on behalf of themselves and others similarly situated, | : : : : : | Civil Action No. 1:16-cv-00017 (FPG) |
| Plaintiffs, | : | |
| v. | : : | |
| FEDEX GROUND PACKAGE SYSTEM, INC., | | |
| Defendant. | | |

**DEFENSE'S RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant FedEx Ground Package System, Inc. ("FedEx") respectfully submits this response to Plaintiffs' Notice of Supplemental Authority filed December 6, 2017 (Dkt No. 43). Unlike the ABC test at issue in *DaSilva v. Border Transfer of MA, Inc.*, 2017 WL 5196382 (D. Mass. Nov. 9, 2017), here there are two (really, three) tests potentially at issue -- a common law multifactor test and the two-part ABC and separate entity tests of the Fair Play Act ("FPA"). This would require individualized inquiries just to determine which tests apply to which putative class members ("PCMs"). With regard to incorporation, the *DaSilva* court rejected defendant's argument that a Massachusetts statute required an individualized inquiry into whether someone incorporated for their own reasons or because Border Transfer required it. FedEx makes no such argument here, and the points it advances about why incorporation precludes certification were not addressed by the *DaSilva* court.

Incorporation militates against certification here because the PCMs are owners of *bona fide* companies who never had to personally drive a single day in order to do business with FedEx. In *DaSilva*, individuals who applied to be delivery drivers were told they had to incorporate. *DaSilva*, 2017 WL 5196382 at *1. But an individual here who wanted to be a driver would be directed to a Contracted Service Provider for potential employment as a driver, not told they had to incorporate a business. Forming a corporation is only necessary if one wants to go into business with FedEx. Those who choose to do so make a host of business decisions that further demonstrate the *bona fide* nature of their companies and preclude certification -- evident from the fact that class eligibility would turn on the PCMs' own decisions of whether and how much to drive, not any common FedEx policy.

Of note, the *DaSilva* class defines full-time as at least 40 hours per week and is limited to individuals classified as independent contractors. *Id.* at *12. By contrast, Plaintiffs here compound the indeterminacy of their class by arbitrarily setting full-time as thirty hours of driving – with each PCM to provide, as needed, individualized evidence of what other non-driving work they did to get to 40 hours. Nor since June 2011 have any PCMs been classified as independent contractors. They are corporate officers and, if they choose to drive or perform other services for the corporation, employees of *bona fide* companies.

DATED: December 8, 2017         Respectfully submitted,

                                By: */s/ Joseph P. McHugh*
                                    Joseph P. McHugh
                                    Rosa Copeland Miller
                                    Jason W. Norris
                                    FEDEX GROUND PACKAGE
                                    SYSTEM, INC.
                                    1000 FedEx Drive
                                    Moon Township, PA 15108

2

Tel: (412) 859-5917
Email: joseph.mchugh@fedex.com
rosa.miller@fedex.com
jason.norris@fedex.com

NIXON PEABODY LLP
Susan C. Roney
Key Towers at Fountain Plaza
40 Fountain Plaza, Suite 500
Buffalo, New York 14202
Tel: (716) 853-8100
Email: sroney@nixonpeabody.com

*Attorneys for Defendant FedEx Ground Package System, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was electronically served on all counsel of record through the Court's ECF system on December 8, 2017.

/s/ Joseph P. McHugh

Joseph P. McHugh