UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY PADOVANO, CHRIS ARBER,
MICHAEL TUTTLE and ANDREW MITRANO,
on behalf of themselves and others
similarly situated,

        Plaintiffs,

                 Case # 16-CV-17-FPG

v.

                 DECISION & ORDER

FEDEX GROUND PACKAGE SYSTEM, INC.,

        Defendant.

  Plaintiffs Jeffrey Padovano, Chris Arber, Michael Tuttle, and Andrew Mitrano, on behalf of themselves and others similarly situated, bring this putative class action against Defendant FedEx Ground Package System, Inc. Pursuant to the Protective Order entered on June 23, 2017 by Magistrate Judge Schroeder, *see* ECF Nos. 23–24, Defendant seeks to seal a document submitted in connection with its opposition to Plaintiffs' motion for class certification, *see* ECF Nos. 40–41. Plaintiffs have not filed any opposition to Defendant's Motion to Seal (ECF No. 40).

  The Second Circuit has deemed "[t]he common law right of public access to judicial documents" as "firmly rooted in our nation's history." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also id.* at 120 (recognizing the potential applicability of an additional presumption of access under the First Amendment). As an exhibit supporting Defendant's opposition to class certification, the document at issue constitutes a "judicial document" to which the general presumption of access attaches. *See id.* (noting that the right of access attaches to "judicial documents," defined as those documents "relevant to the performance of the judicial function and useful in the judicial process"); *see also, e.g.*, *Olvera v. Mazzone Mgmt. Grp. Ltd.*, No. 1:16-cv-502 (BKS/DJS), 2018 WL 2137882, at *1 (N.D.N.Y. May 9, 2018)

(determining that documents related to a certification motion were "judicial documents"); *Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016) (explaining that the exhibits supporting opposition to a motion for class certification would constitute "judicial documents"). Once the Court determines that a document is a "judicial document," it must then determine the weight of the presumption of access and balance countervailing considerations. *See Lugosch*, 435 F.3d at 119–20.

"The burden of demonstrating that a document submitted to a court should be sealed rests" with the moving party. *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705 (S.D.N.Y. 2017) (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). Here, Defendant provides no explanation as to why the document should be sealed, short of reference to the Protective Order. But such a reference is insufficient—"even if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Oliver Wyman*, 282 F. Supp. 3d at 706 (quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015)). Moreover, the Protective Order itself contemplates that the parties submitting documents designated "confidential" in conjunction with a motion "shall seek leave of court to submit it or file it under seal." ECF No. 23-1, at 6.

Accordingly, Defendant's Motion to Seal (ECF No. 40) is DENIED WITHOUT PREJUDICE. Defendant may refile its motion to seal with accompanying support within 14 days of this Decision and Order. If no action is taken within those 14 days, the Court will issue further orders regarding the document submitted for sealing.

IT IS SO ORDERED.

Dated: September 28, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court